IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH FLORES,

    Plaintiff,

   v.                                                          No. CV 14-0213 MV/KK

ELLEN GONZALES, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court *sua sponte*. Plaintiff filed his complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP") on March 6, 2014. In response to a cure-defect order (Doc. 5), he filed a second IFP motion with an attached 6-month inmate account statement. On review of Plaintiff's financial information, the Court granted the IFP motion and ordered Plaintiff to make an initial partial filing fee payment. Although attachments to Plaintiff's filings indicate that he had an adequate balance in his inmate account after filing his complaint, he has not made a payment.

    Plaintiff apparently has depleted his account by, in significant part, making commissary purchases. There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001). Plaintiff's failure to comply timely when he "ha[d] the means," *Baker*, 9 F. App'x at 949, and subsequently depleting his account do not justify waiving the statutory payment requirement. Each of the

Court's previous orders (Docs. 5, 7, 9) notified Plaintiff that failure to comply could result in dismissal of his complaint.

As the Court noted earlier, Plaintiff alleges (Doc. 9 at 2), in direct contradiction of his financial documents, that "I cannot afford to pay not because I don't want to pay, simply put Im unable too."  The Court further notes that Plaintiff has a history of misrepresenting certain matters to the Court.  *See, e.g., Flores v. Dorsey*, No. CV 09-1153 BB/GBW, Doc. 34 at 9 (D.N.M. Jan. 21, 2011) (finding that a "Memorandum [submitted by Plaintiff] was falsified"); *Flores v. Weeden*, No. CV 11-0305 WJ/CEG, Doc. 8 at 7 (D.N.M. July 6, 2011) (discussing "Mr. Flores' mischaracterizations regarding prison officials' supposed attempts to restrict his access to the courts").  *See also Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's records); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).  Because Plaintiff has failed to comply with statutory filing requirements and Court orders, or to make a credible showing for excusing the failures, *see Baker*, 9 F. App'x at 949, the Court will dismiss his complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE